# IN THE SUPREME COURT OF IOWA

No. 21–0909

Submitted October 13, 2022—Filed May 12, 2023

**JASON CARTER,**

Appellant,

vs.

**STATE OF IOWA, MARK D. LUDWICK,** Special Agent of the Iowa Department of Public Safety and **MARK D. LUDWICK,** in his individual capacity,

Appellees.

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

The plaintiff appeals the district court's grant of the defendants' preanswer motion to dismiss his constitutional tort claims. **AFFIRMED.**

Per curiam. Mansfield and May, JJ., took no part in the consideration or decision of the case.

Nathan A. Olson (argued) and Christine E. Branstad of Branstad & Olson, Des Moines, and Alison F. Kanne of Wandro & Associates, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Tessa M. Register (argued) and Jeffrey C. Peterzalek, Assistant Attorneys General, for appellees.

**PER CURIAM.**

After a jury found Jason Carter liable in a civil action for the wrongful death of his mother and awarded his mother's estate $10 million, another jury acquitted him of the related criminal murder charge. Carter then brought this civil lawsuit against Iowa Division of Criminal Investigation Special Agent Mark Ludwick—who investigated his mother's murder—and the State (as Agent Ludwick's employer), collectively "Defendants." Carter raised a variety of claims premised on his allegations that Agent Ludwick wrongly inserted himself into the civil case and intentionally, but wrongly, targeted Carter as his mother's killer. Initially, Carter pursued: five claims arising directly under the Iowa Constitution under *Godfrey v. State*, 898 N.W.2d 844 (Iowa 2017), *overruled by Burnett v. Smith*, ___ N.W.2d ___ (Iowa 2023), commonly referred to as "*Godfrey* claims"; six common law tort claims; and a request for attorney fees.

Rather than answer, Defendants moved to dismiss the petition based on sovereign immunity, qualified and absolute judicial process immunity, and failure to state a claim upon which relief can be granted. Carter voluntarily dismissed three of the common law tort claims[1] before the district court ruled on the motion, leaving nine claims for the court to decide. The district court granted Defendants' motion to dismiss on June 3, 2021, disposing of all of Carter's remaining claims. It ruled in Defendants' favor on all grounds asserted in their

---

[1]Carter dropped his claims for false arrest, abuse of process, and malicious prosecution against Agent Ludwick in his individual capacity.

motion, finding that sovereign, qualified, and absolute immunities applied, and that certain counts failed to state a cognizable claim.

Carter appealed the district court's ruling only as to three of his *Godfrey* claims: count I (relying on the search and seizure provision in article I, section 8 of the Iowa Constitution), count III (relying on the due process provision in article I, section 9 of the Iowa Constitution), and count IV (also relying on article I, section 9 of the Iowa Constitution). As explained in *Burnett v. Smith*, ___ N.W.2d ___, we overruled *Godfrey* as demonstrably erroneous and unworkable in practice. Carter's constitutional tort claims therefore cannot proceed. We affirm the district court's dismissal of these claims.

**AFFIRMED.**

Mansfield and May, JJ., take no part.

This opinion shall not be published.